UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN MICHELLE GRUMBLES,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-00316-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. §405(g)<br><br>(Docs. 14, 17) |

Plaintiff Dawn Michelle Grumbles ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits under the Social Security Act ("SSA" or "Act"). (Doc. 1). The matter is before the Court on the Administrative Record (Doc. 13, hereinafter "AR") and the parties' briefs (Docs. 14, 17), which were submitted without oral argument. Upon review of the record, the Court finds and rules as follows.[1]

I.    **BACKGROUND**

    A.    **Administrative Proceedings and ALJ's Decision**

On August 18, 2020, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with an alleged disability onset date of

---

[1] On March 24, 2023, after the parties consented to the jurisdiction of a U.S. Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), this action was reassigned to the undersigned. (Doc. 10).

January 18, 2020. (AR 273). Plaintiff's claim was initially denied on March 1, 2021, and again upon reconsideration on May 20, 2021. *Id.* Plaintiff requested a hearing before an Administrative Law Judge on June 16, 2021. *Id.* Hortensia Haaversen, the Administrative Law Judge ("ALJ"), held a telephone hearing on August 31, 2021, during which Plaintiff and impartial vocational expert Laura Pizzurro ("VE") testified. *Id.* The ALJ issued an unfavorable decision on January 27, 2022, finding Plaintiff was not disabled. (AR 270, 276-285). The Appeals Council denied Plaintiff's request for review on January 31, 2023, rendering the ALJ's decision as the final decision of the Commissioner. (AR 6). Plaintiff subsequently filed this action seeking judicial review of the ALJ's decision. (Doc. 1).

In the decision, the ALJ considered Plaintiff's claims using the five-step sequential evaluation required by 20 C.F.R. §§ 404.1520(a) and 416.920(a). (AR 276-85). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 18, 2020, the alleged onset date. (AR 276).

At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments ("MDIs") which significantly limit the ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28: degenerative disc disease (DDD), superior labral tear in her right shoulder, and osteoarthritis in the right knee. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment, or any combination of impairments, that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (AR 277).

Prior to step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for the following non-exertional limitations:

> [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; never climb ladders, ropes or scaffolds; occasionally perform all other postural activities including balancing; frequent overhead reaching with bilateral upper extremities; avoid concentrated exposure to dust, fumes, odors, chemical irritants and poor ventilation; frequent push and pull with the right upper extremity and with bilateral lower extremities; and avoid concentrated exposure to vibration and hazards.

2

(AR 277).

In considering Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, the ALJ noted she followed the two-step process as set forth in 20 C.F.R. §§ 404.1529 and 416.929, SSR 16-3p, and 20 C.F.R. §§ 404.1520c and 416.920c. *Id.* The ALJ noted that despite Plaintiff's allegations, "[a]ll the activities that [Plaintiff] reported performing are inconsistent with her previous statements" as Plaintiff "has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (AR 278). The ALJ further noted that despite Plaintiff's complaints of allegedly disabling symptoms, Plaintiff has not taken any medications for those symptoms, which suggest that the symptoms may not have been as serious as has been alleged. *Id.* The ALJ found "after careful consideration of the evidence" that Plaintiff's MDIs could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of symptoms are not entirely consistent with the medical evidence and other record evidence. *Id.* The ALJ, citing Plaintiff's allegations on a disability report and an exertional activities questionnaire, hearing testimony, medical evidence, treatment notes, activities of daily living ("ADLs"), prior administrative medical findings, and third-party statements from friends and family, determined that the evidence of record did not provide support for the existence of greater limitations above those assessed in the RFC regarding Plaintiff's impairments. (AR 284). The ALJ noted that treatment notes in the record do not sustain Plaintiff's allegations of disabling conditions but acknowledged that she does experience some levels of pain and physical limitations but only to the extent described in the assessed RFC. *Id.*

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as an accountant under DOT # 160.162-018 as this work does not require the performance of work-related activities precluded by Plaintiff's RFC under 20 C.F.R. §§ 404.1565 and 416.965. *Id.* The ALJ noted that Plaintiff last worked as an accountant for eight years from August 2005 until March 2013, meeting the recency requirement and the four-year requirement to learn a job with an SVP of 8. *Id.* The ALJ further noted that Plaintiff's earnings exceeded the monthly countable average earnings requirements for that position. *Id.* The ALJ therefore found that Plaintiff is able to

3

perform the job as an accountant as generally performed and in accordance with SSR 00-4p. *Id.*

The ALJ concluded Plaintiff has not been under a disability under the Act from January 18, 2020, through the date of the ALJ's decision under 20 C.F.R. §§ 404.1520(f) and 416.920(f), and a finding of "not disabled" was appropriate under section 1614(a)(3)(A) of the Act since August 18, 2020, the date the application was filed. (AR 285).

### B.    Medical Record and Hearing Testimony

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

## II.    LEGAL STANDARD

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing

the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id*.

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity," defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## III.    ISSUES AND ANALYSIS[2]

Plaintiff seeks judicial review of the Commissioner's final decision denying her application and asserts the ALJ impermissibly rejected her subjective symptom testimony. (Doc. 14 at 5).

### A.    Parties' Contentions

Plaintiff contends that the ALJ failed to provide clear and convincing reasons to reject her subjective symptom testimony such that the ALJ's decision is not supported by substantial

---

[2] Filings are referenced herein according to the associated CM/ECF-designated pagination.

evidence. (Doc. 14 at 5). Plaintiff asserts that the ALJ did not provide any explanation as to how her reported activities of daily living were inconsistent with her previous statements. *Id.* at 7. Plaintiff argues the ALJ did not explain the nexus between her ability to engage in the most basic routine activities with the rigors of full-time employment. *Id.* at 8-9. Plaintiff contends that the ALJ improperly rejected her subjective complaints in finding that she has not taken any medications for her symptoms because Plaintiff did take narcotic pain medication during the relevant period as prescribed by her doctors at Aria Community Clinic. *Id.* at 9. Plaintiff explains that she cannot take anti-inflammatory medication because she has IBS but that she takes large amounts of Tylenol, has had injections and is awaiting more injections, goes to physical therapy, ices her knee to help with swelling, and uses an electrical stimulator. *Id.*

Defendant contends that the ALJ reasonably considered Plaintiff's subjective complaints, which the ALJ found inconsistent with Plaintiff's evidence for multiple reasons. (Doc. 17 at 4). Defendant argues that the ALJ reasonably found that Plaintiff's treatment notes contradicted her allegations of disabling conditions including her treatment notes of improvement despite limited use of medication. *Id.* Defendant contends that Plaintiff's use of non-prescription, "over-the-counter" medication to improve her pain symptoms justifies the ALJ's discounting of her pain complaints. *Id.* at 5. Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff's activities of daily living, such as shopping and driving, were inconsistent with her subjective complaints. *Id.* at 6.

**B.    Governing Authority**

"In step two of the disability determination, an ALJ must determine whether the [plaintiff] has a medically severe impairment or combination of impairments." *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 725 (9th Cir. 2011). A [plaintiff] has a severe impairment when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1522(a), 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The regulations define "basic work activities" as "the abilities

7

and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, and carrying, and mental functions such as understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting.  20 C.F.R. §§ 404.1522(b), 416.922(b).

The ALJ is responsible for determining credibility,[3] resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  A plaintiff's statements of pain or other symptoms are not conclusive evidence of a physical or mental impairment or disability.  42 U.S.C. § 423(d)(5)(A); *see* SSR 16-3p, 2017 WL 5180304, at *2 ("an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability"); *see also Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) ("An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.") (internal quotation marks and citation omitted); *Molina v. Astrue*, 674 F.3d 1104, 1104 (9th Cir. 2012) (same), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).  Determining whether a plaintiff's testimony regarding subjective pain or symptoms is credible requires the ALJ to engage in a two-step analysis.  *Id.* at 1112.  The ALJ must first determine if "the [plaintiff] has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal punctuation and citations omitted).  This does not require the plaintiff to show that his impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms.  *Smolen*, 80 F.3d at 1282.

If the first step is met and there is no evidence of malingering, "the ALJ must provide 'specific, clear and convincing reasons for' rejecting the [plaintiff's] testimony."  *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (*quoting Smolen*, 80 F.3d at 1281).  *See*

---

[3] SSR 16-3p applies to disability applications heard by the agency on or after March 28, 2016. Ruling 16-3p eliminated the use of the term "credibility" to emphasize that subjective symptom evaluation is not "an examination of an individual's character but an endeavor to "determine how symptoms limit [the] ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *3.

*Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (noting an adverse credibility finding must be based on "clear and convincing reasons"). The ALJ must make findings that support this conclusion, and the findings must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the plaintiff's testimony on permissible grounds and did not arbitrarily discredit the plaintiff's testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

The Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the [plaintiff's] testimony, nor do they require ALJs to draft dissertations when denying benefits." *Stewart v. Kijakazi*, No. 1:22-cv-00189-ADA-HBK, 2023 WL 4162767, at *5 (E.D. Cal. Jun. 22, 2023), *findings and recommendations adopted*, 2023 WL 5109769 (Aug. 8, 2023); *see Record v. Kijakazi*, No. 1:22-cv-00495-BAM, 2023 WL 2752097, at *4 (E.D. Cal. Mar. 31, 2023) ("Even if the ALJ's decision is not a model of clarity, where the ALJ's 'path may reasonably be discerned,' the Court will still defer to the ALJ's decision.") (*quoting Wilson v. Berryhill*, 757 Fed. Appx. 595, 597 (9th Cir. 2019)). "The standard isn't whether our court is convinced, but instead, whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (the clear and convincing standard requires an ALJ to show his work).

The ALJ may consider numerous factors in weighing a plaintiff's credibility, including "(1) ordinary techniques of credibility evaluation, such as the [plaintiff's] reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the [plaintiff] that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the [plaintiff's] daily activities." *Smolen*, 80 F.3d at 1284. In evaluating the credibility of symptom testimony, the ALJ must also consider the factors identified in SSR 16-3P. *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). Accord *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). These factors include:

> (1) Daily activities; (2) The location, duration, frequency, and intensity of pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors

concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304, at *7. *See* 20 C.F.R. § 404.1529(c)(3). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding requirement in Social Security cases.'" *Garrison v. Colvin,* 759 F.3d 995, 1015 (9th Cir. 2014) (*quoting Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)). "A finding that a [plaintiff's] testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the [plaintiff's] testimony on permissible grounds and did not arbitrarily discredit a [plaintiff's] testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The fact that a [plaintiff's] testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability solely because the objective medical evidence does not substantiate your statements."). Rather, where a plaintiff's symptom testimony is not fully substantiated by the objective medical record, the ALJ must provide additional reasons for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "The ALJ must specify what testimony is not credible and identify the evidence that undermines the [plaintiff's] complaints – '[g]eneral findings are insufficient.'" *Id. (quoting Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

However, the medical evidence "is still a relevant factor in determining the severity of the [plaintiff's] pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Ninth Circuit has distinguished testimony that is "uncorroborated" by the medical evidence from testimony that is "contradicted" by the medical records and concluded that contradictions with the medical records, by themselves, are enough to meet the clear and convincing standard.

*Hairston v. Saul*, 827 Fed. Appx. 772, 773 (9th Cir. 2020) (*quoting Carmickle*, 533 F.3d at 1161).

### C.    Analysis

The ALJ found that Plaintiff's severe impairments—degenerative disc disease, superior labral tear in her right shoulder, and osteoarthritis in the right knee—significantly limit her from performing basic work activities. (AR 277-78).  The ALJ summarized Plaintiff's allegations from her disability report and exertional activities questionnaire. (AR 278).  The ALJ noted that despite Plaintiff's allegations, "[a]ll the activities that [Plaintiff] reported performing are inconsistent with her previous statements" as Plaintiff "has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."  *Id.*  The ALJ further noted that despite her complaints of allegedly disabling symptoms, Plaintiff has not taken any medications for those symptoms, suggesting that the symptoms may not have been as serious as she alleged. *Id.*  After finding that Plaintiff's impairments could reasonably be expected to cause some of her alleged symptoms, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the record. *Id.*; *see Treichler*, 775 F.3d at 1103 (noting that ALJs "routinely include this [boilerplate] statement in their written findings as an introduction ... before [identifying] what parts of the claimant's testimony were not credible and why.").

In discounting Plaintiff's testimony, the ALJ relied on the following: (1) Plaintiff's routine treatment with Tylenol suggests Plaintiff's alleged disabling symptoms are not as serious as alleged, and (2) Plaintiff's activities of daily living were consistent with the assessed RFC.  (AR 278-84).

However, notably absent from the ALJ's decision is any citation to or consideration of Plaintiff's hearing testimony.  *See* (AR 277-85).  Throughout her hearing testimony, Plaintiff provided several accounts of her pain and symptoms, none of which was addressed by the ALJ in the decision.  For example, at the hearing, Plaintiff testified that she stopped working as a bus driver because she "was feeling a lot of pain" and her knee was "really bothering" her to the point she "couldn't even bend [her] leg."  (AR 27-28).  She testified that after she started seeing Dr. Park, she learned that her "knee does need to be replaced, … but what [she] was feeling was actually caused from lower back issues."  (AR 27-29).  Plaintiff further testified that Dr. Grossman was

going to schedule two injections for her neck to "try and help alleviate" Plaintiff's "really horrible headaches" and that "he's sending me to PT" to address Plaintiff's ribs which "go out of place quite often" and cause her pain. (AR 31). Plaintiff testified that she is unable to maintain crocheting because her "hands and arms fall asleep" and that she has not been able to hike in the mountains "because sitting in the car for longer" from 45 minutes to an hour causes her back pain. (AR 32). Plaintiff testified she cannot cook like she "used to" because "standing and cooking for long periods" causes her feet and legs to hurt or her hip and foot will "go to sleep[.]" (AR 33).

When asked how much weight she is able to lift, Plaintiff testified that she drops things now that she did not before such as a "jug of milk or … a case of water" and that she usually has to have someone help with those items "because, even if [she is] able to lift it, it ends up causing [her] pain, either [her] back or … shoulder[]" or she drops it. (AR 36). When asked how long she is able to walk, Plaintiff testified that she can walk 20 or 30 minutes "max" depending on the day. "[T]hat 20 or 30 minutes is a really good day" as Plaintiff experiences "shooting pains" down the back of her legs. (AR 36). When asked how long she can sit, Plaintiff testified she can sit anywhere from a few minutes to an hour because her foot will go to sleep or she will experience pain in her legs. (AR 37).

In the decision, the ALJ necessarily rejected Plaintiff's testimony in noting that her "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence *and other evidence in the record*" (AR 278, emphasis added), despite failing to identify *what* testimony she rejected and why. Where a plaintiff presents medical evidence of a disabling condition "along with his testimony during the hearing regarding his symptoms, … [this] establishes for the ALJ a duty to discuss Plaintiff's impairments and resulting subjective symptom testimony and, if the ALJ finds such testimony should be rejected, the ALJ must describe his reasons with specificity under the relevant clear and convincing standard." *Carr v. Kijakazi*, No. 1:21-cv-01021-CDB (SS), 2025 WL 240821, at *8 (E.D. Cal. Jan. 17, 2025). "While the Court may be able to draw inferences about what testimony may be inconsistent, the ALJ must identify those inconsistencies with specificity." *Id.* at *9 (citing *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020)).

Here, the ALJ erred when she necessarily rejected Plaintiff's testimony about her pain without identifying specific testimony rejected sufficient to permit the Court to discern the bases for the ALJ's rejection. *Burch*, 400 F.3d at 680 (holding an ALJ "must specify what testimony is not credible and identify the evidence that undermines" it). The ALJ failed to abide by the very regulatory provisions she cited in addressing the governing standard for weighing the evidence, 20 C.F.R. 404.1529 and SSR 16-3P (*see* AR 277), which provides: "In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work." 20 C.F.R. 404.1529 (emphasis added); *see* SSR 16-3P ("Our adjudicators must base their findings solely on the evidence in the case record, including any testimony from the individual or other witnesses at a hearing"). Because there is no record that the ALJ considered or identified any of Plaintiff's testimony in discounting Plaintiff's subjective complaints of pain, the ALJ failed to meet the clear and convincing evidentiary standard.

*        *        *        *        *

In sum, the ALJ failed to identify which subjective symptomology testimony she found not credible, and why, and this Court lacks any bases to conclude that the ALJ adequately considered Plaintiff's testimony. The resulting error is not harmless. *Lambert*, 980 F.3d at 1278 (citing *Brown-Hunter*, 806 F.3d at 494).

**D.        Remedy**

Plaintiff requests this case be remanded for further proceedings and a new decision. (Doc. 14 at 10). "The decision whether to remand for further proceedings or simply to award benefits is within the discretion of court." *Trevizo*, 871 F.3d at 682 (*quoting Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (emphasis omitted) (9th Cir. 2004).

In this case, the ALJ erred by failing to consider or identify any of Plaintiff's subjective

symptom testimony in discounting her allegations of pain.  Given these errors, the Court concludes that remand for further proceedings is warranted because additional administrative proceedings may remedy the deficiencies in the ALJ's decision noted herein.

## IV.     **CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (Doc. 14) is GRANTED.

2.  The ALJ's decision (Doc. 13) is REVERSED; and

3.  This matter is REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this decision; and

4.  The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Dawn Michelle Grumbles and against Defendant Commissioner of Social Security.

IT IS SO ORDERED.

Dated:    **February 27, 2026**      _____

UNITED STATES MAGISTRATE JUDGE

14